IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SUZANNE GIBSON and<br>RALPH GIBSON,<br><br>    Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>GMAC MORTGAGE LLC OF TN;<br>RESIDENTIAL FUNDING<br>CORPORATION; RESIDENTIAL<br>FUNDING COMPANY LLC;<br>McCURDY & CANDLER, LLC;<br>PATRICK TAGGART; MCC TN LCC;<br>LARRY JOHNSON; and<br>JOHNSON & FREEDMAN LLC<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 11-2173-STA |

**ORDER DENYING PLAINTIFFS' MOTION FOR DISCOVERY**

Before the Court is Plaintiffs Suzanne Gibson and Ralph Gibson's Motion for Discovery (D.E. # 14, 15) filed on December 14, 2011.[1] Defendants have responded in opposition to Plaintiffs' Motion. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

Plaintiffs filed their Complaint on February 8, 2011 in Shelby County Chancery Court, seeking injunctive relief as well as damages flowing from the foreclosure sale of their home.

---

[1] Plaintiffs initially filed their Motion (D.E. # 14) on December 14, 2011, and then a corrected memorandum of law the following day.

Plaintiffs allege that Defendants conducted an illegal foreclosure sale of their home using an invalid deed of trust. On February 8, 2011, the Chancery Court entered a temporary restraining order enjoining Defendants from pursuing a forcible entry and detainer action against Plaintiffs. On February 22, 2011, the restraining order was extended, and the state court set an injunction hearing for April 4. On March 7, 2011, Defendants removed the case from the Chancery Court to the United States District Court for the Western District of Tennessee by consent of all parties.

This case concerns the foreclosure of Plaintiff's residential property and the events surrounding the foreclosure. In their Complaint, Plaintiffs allege the following claims: (1) Defendants, lacking authority to foreclose due to an improperly assigned Deed of Trust, conducted an illegal foreclosure sale of Plaintiff's home (*Id.* ¶¶ 43–46); (2) after Defendant Residential Funding Corporation ("RFC") indorsed the note in blank, no Defendant in this action held the note and thus, they fraudulently or wrongfully foreclosed on the property (*Id.* ¶¶ 47–52); (3) Defendants failed to adequately respond to Plaintiffs qualified written request pursuant to RESPA and are liable for damages for those violations arising out of the premature foreclosure sale (*Id.* ¶¶ 53–58); (4) Defendants engaged in unfair practices that are likely to deceive, constituting fraudulent business practices in violation of the Tennessee Consumer Protection Act ("TCPA") (*Id.* ¶¶ 59–66); (5) Defendants violated the Fair Debt Collections Practices Act ("FDCPA") by wrongfully foreclosing on Plaintiffs' property and taking other improper collection actions (*Id.* ¶¶ 67–69); (6) Defendants, none of whom was ever assigned the Deed of Trust, wrongfully recorded documents showing them as owners of the subject property and thus slandered Plaintiffs' title (*Id.* ¶¶ 70–77); (7) Defendants are guilty of conversion for foreclosing on the property without the legal authority to do so (*Id.* ¶¶ 78–80); and (8) Defendants, in failing to provide proper notice of the foreclosure sale and purchasing

the property for the "unconscionably low amount" of $241,000 (approximately half of the Plaintiffs' purchase price in 2003), violated the requirements of Tenn. Code Ann. § 35-5-101 (*Id.* ¶¶ 81–86). Plaintiffs have prayed that the Court set aside the foreclosure sale declaring the Substitute Trustee's Deed void, refund all payments made by Plaintiffs to the Defendants, and award Plaintiffs compensatory and punitive damages as well as attorney's fees and expenses. (*Id.* 18).

On August 16, 2011, the Court granted a motion for judgment on the pleadings filed by Defendants McCurdy & Candler LLC, Patrick Taggart, and MCC TN LLC (D.E. # 12). The Court held that Plaintiffs' Complaint lacked any factual matter that would support their claims against those Defendants. On November 15, 2011, the remaining Defendants filed their own motion for judgment on the pleadings (D.E. # 13), which remains pending before the Court. In response to Defendants' motion, Plaintiffs filed the instant Motion for Discovery. Plaintiffs argue that a scheduling order has yet to issue and the parties have not exchanged initial disclosures. Plaintiffs seek an expedited discovery plan so that they can obtain fact discovery to respond to Defendants' motion for judgment on the pleadings. Plaintiff specifically ask the Court to construe Defendants' motion as a motion for summary judgment because Defendants have attached documents in support of their brief. Plaintiffs apparently seek discovery of "the original promissory note and original deed of trust with all indorsements and an unbroken chain of title to prove the owner and holder in due course of the original promissory note." Pls.' Mot. for Discovery 2. Plaintiffs also seek production about Defendant GMAC's accounting procedures. Plaintiffs mention that they intend to file a motion to amend their complaint to request relief under the terms of the deed of trust, and not just under Tennessee statute.

Defendants have responded in opposition to Plaintiffs' Motion for Discovery. Defendants

contend that discovery is not necessary to respond to the legal issues raised in their motion for judgment on the pleadings. According to Defendants, the recorded instruments attached to their motion, which Defendants claim are all self-authenticating pursuant to the Federal Rules of Evidence, demonstrate the chain of title and establish Defendant RFC's authority to foreclose on the property securing the note and Deed of Trust. Defendants maintain that the issues presented can be decided based on the chain of title, and so no additional discovery regarding that information is necessary. Even if there was an issue with the assignments of rights in this case, Defendants argue that Plaintiffs lack standing to challenge them. Defendants assert that a debtor may not challenge an assignment of a security instrument between an assignor and assignee. Lastly, Defendants argue that the Court has dismissed any claim about notice of the foreclosure sale in its previous order. That holding is now the law of the case, and Plaintiffs cannot seek to challenge it.

## ANALYSIS

Plaintiff's Motion for Discovery seeks an opportunity to conduct expedited discovery for the purpose of responding to Defendant's motion for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."[2] Motions for judgment on the pleadings may be granted where the moving party "is entitled to judgment as a matter of law."[3] Just as with Rule 12(b)(6) motions, the Court must consider a Rule 12(c) motion by taking all the "well-pleaded material allegations of the pleadings of the opposing party" as true.[4] A pleading's factual allegations must

---

[2] Fed. R. Civ. P. 12(c).

[3] *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir. 2010).

[4] *Id*.

be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible.[5] Thus, although the factual allegations in a pleading need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[6]

Defendants have attached exhibits to their Rule 12(c) motion for judgment on the pleadings. Rule 12(d) of the Federal Rules of Civil Procedure provides that

> If, on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.[7]

The Court retains the discretion to consider or exclude such extrinsic evidence presented with a Rule 12(c) motion.[8] Even where a party attaches exhibits to a Rule 12 motion, Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."[9] Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint

---

[5] *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)).

[6] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 , 55-56 (2007)).

[7] Fed. R. Civ. P. 12(d); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008).

[8] *Jones*, 521 F.3d at 561.  See also *Pueschel v. United States*, 369 F.3d 345, 353 n.3, (4th Cir. 2004); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003).

[9] Fed. R. Civ. P. 10(c).

documents upon which his action is based.[10]  Nevertheless, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims.[11]

The Court holds that Plaintiffs have not demonstrated their need for discovery at this stage of the litigation.  On the contrary, Defendants have filed a proper Rule 12(c) motion to test the sufficiency of Plaintiffs' pleadings.  Plaintiffs argue that they are entitled to discovery because Defendants contend that Plaintiffs' factual allegations are conclusory.  The Supreme Court in *Iqbal* explained that the purpose of testing the pleadings in any case with a Rule 12 is closely related with guarding the "doors of discovery."[12]  Likewise, the Sixth Circuit has held that a court does not err by denying a plaintiff discovery before ruling on a defendant's motion for judgment on the pleadings.[13]  Therefore, the Court holds that as general matter, Plaintiffs are not entitled to discovery until the Court has evaluated the sufficiency of their pleadings.

Furthermore, Plaintiffs have not argued that the exhibits Defendants presented with their Rule 12(c) motion fall outside of the scope of Rule 10(c) and constitute "outside evidence," thereby

---

[10] *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762 (2d ed. 1990)).

[11] *Weiner*, 108 F.3d at 89 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

[12] *Iqbal*, 129 S. Ct. at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[13] *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 297-98 (6th Cir. 2008).

triggering Rule 12(d).[14] Defendants have attached the following documents to their motion for judgment on the pleadings: (1) the recorded Deed of Trust executed by Plaintiffs in favor of National Bank of Commerce; (2) the recorded Assignment of Deed of Trust from National Bank of Commerce to Residential Funding Corporation; (3) the recorded Appointment of Substitute Trustee; (4) the recorded Substitute Trustee's Deed evidencing the December 9, 2010 foreclosure. The Court finds that all of these documents are either attached as exhibits to Plaintiffs' Complaint or are referenced extensively in the Complaint.[15] Defendants further rely on two documents that were attached as Exhibit B to Defendant McCurdy & Candler, LLC's Verified Answer (D.E. # 4-3): the August 20, 2010 notice of Trustee's foreclosure sale sent via certified mail to the Plaintiffs; and the sale advertisement in *The Commercial Appeal* of Memphis, Tennessee on November 18, November 25 and December 2, 2010. The Sixth Circuit has approved the consideration of exhibits attached to responsive pleadings such as an answer pursuant to Rule 10(c).[16] The Court finds then that all of the exhibits attached to Defendants' motion for judgment on the pleadings are part of the pleadings for purposes of Rule 12 and Rule 10(c). Because Defendants have properly attached exhibits which are part of the pleadings, the Court finds that it can consider the merits of the motion for judgment

---

[14] *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006) (holding that a district court converts a Rule 12(c) motion to a motion for summary judgment when the court does not exclude "outside evidence" presented with the Rule 12(c) motion).

[15] *See* Compl. ¶ 12 (referring to the recorded Deed of Trust executed by Plaintiffs in favor of National Bank of Commerce; ¶¶ 13, 39 (referring to the recorded Assignment of Deed of Trust from National Bank of Commerce to Residential Funding Corporation; ¶ 37 (referring to the recorded Substitute Trustee's Deed evidencing the December 9, 2010 foreclosure); ex. B to Ralph Gibson Aff. in Support of TRO (incorporating the recorded appointment of Substitute Trustee).

[16] *Roth v. Guzman*, 650 F.3d 603, 608 (6th Cir. 2011); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335 (6th Cir. 2007).

on the pleadings without converting the motion to a Rule 56 motion.  Therefore, the Court denies Plaintiffs' request for discovery pursuant to Rule 12(d) and Rule 56(d).[17]

Finally, the Court notes that Plaintiffs have not filed a response to the arguments raised in Defendants' motion for judgment on the pleadings.  Plaintiffs are ordered to file a response to the motion within fourteen (14) days of the entry of this Order.  In the event Plaintiffs fail to respond, the Court will consider the merits of Defendants' motion without the benefit of a response brief.  Also, the Court observes that Plaintiffs' Motion, which was filed on December 14, 2011, states in passing that they intend to move for leave to amend their complaint.  Pls.' Motion for Discovery 5.  To date Plaintiffs have not filed their motion to amend.  Therefore, if they still intend to seek leave to amend, Plaintiffs are ordered to file their motion to amend along with a proposed amended complaint within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

                **s/ S. Thomas Anderson**
                S. THOMAS ANDERSON
                UNITED STATES DISTRICT JUDGE

                Date: February 15, 2012.

---

[17] Rule 56(d) provides a procedure for additional discovery where the nonmoving party can show that it needs discovery in order to oppose a motion for summary judgment.  *See* Fed. R. Civ. P. 56(d).