**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SUZANNE GIBSON and** | ) | |
| **RALPH GIBSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-2173-STA-cgc** |
| | ) | |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION SYSTEMS, INC.;** | ) | |
| **GMAC MORTGAGE LLC OF TN;** | ) | |
| **RESIDENTIAL FUNDING** | ) | |
| **CORPORATION; RESIDENTIAL** | ) | |
| **FUNDING COMPANY LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## ORDER DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants Mortgage Electronic Registration Systems, Inc.; GMAC Mortgage, LLC; and Residential Funding, LLC f/k/a Residential Funding Corporation's Motion for Summary Judgment (D.E. # 51) filed on February 17, 2014. Plaintiffs Ralph and Suzanne Gibson have filed a Cross-Motion for Summary Judgment (D.E. # 61). The Cross-Motions for Summary Judgment are now fully briefed and therefore ripe for disposition. For the reasons set forth below, Defendants' Motion is **GRANTED**, and Plaintiffs' Motion is **DENIED**.

## BACKGROUND

The following facts are not in dispute for purposes of the Cross-Motions for Summary Judgment unless otherwise noted. Plaintiffs Ralph and Suzanne Gibson signed a Note dated January

1

3, 2003, in favor of National Bank of Commerce in the amount of $360,000.00. (Defs.' Statement of Undisputed Fact ¶ 1.) In connection with their loan, Plaintiffs also executed a Deed of Trust dated January 3, 2003, whereby Plaintiffs pledged their property located at 4450 Park Avenue, Memphis, Tennessee 38117 ("the property") as security for the Deed of Trust and payment of the Note. (*Id.* ¶ 3.) National Bank of Commerce endorsed the Note to Residential Funding Corporation. (*Id.* ¶ 5.) National Bank of Commerce also executed an Assignment of Mortgage, assigning the Deed of Trust to Residential Funding Corporation. (*Id.* ¶ 6.) Residential Funding Company, LLC then succeeded Residential Funding Corporation by merger. (*Id.* ¶ 7.)

Plaintiffs dispute the assertion that Residential Funding Company, LLC succeeded Residential Funding Corporation by merger. Plaintiffs argue that Defendants have adduced no documentary proof of any merger of the two entities, only the declaration of Frederick Denson, a former GMAC employee. Denson's declaration simply states that the merger occurred and that Denson's knowledge of the declaration is based on the contents of the files of Ocwen Loan Servicing, LLC, Denson's current employer and the holder of the loan servicing rights to Plaintiffs' mortgage since February 2013.[1] The Court finds no support for Plaintiffs' argument that Defendants must also adduce documentary proof of the merger. The Federal Rules of Evidence do not require a party to introduce additional documentary support for a fact simply because "the document contains facts that are also testified to by a witness."[2] Plaintiffs further object to Defendants'

---

[1] Sealed Denson Decl. ¶ 8 (D.E. # 53).

[2] *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 598–99 (6th Cir. 2009) (citing *Allstate Ins. Co. v. Swann,* 27 F.3d 1539, 1543 (11th Cir. 1994) ("Rule 1002 requires production of an original document only when the proponent of the evidence seeks to prove the content of the writing. It does not, however, require production of a document simply because the document contains facts that are also testified to by a witness.").

assertion about the merger because there was no assignment of the Deed of Trust from Residential Funding Corporation to Residential Funding Company, LLC. The Court finds that this is actually an additional fact and that Plaintiffs' claim does not demonstrate why a genuine dispute exists concerning the fact of the merger. Therefore, the Court finds that the merger is undisputed for purposes of summary judgment.

As of August 2010, Plaintiffs were in default of their Note and Deed of Trust by failing to make payments as required under the Note. (*Id.* ¶ 8.) Plaintiffs admit that while Defendants considered their loan to be in default at that time, Plaintiffs were seeking an accounting from Defendants concerning $15,000 in overcharges on their loan. (Pls.' Resp. to Statement of Fact ¶ 8.) On or about August 5, 2010, GMAC in its capacity as loan servicer referred Plaintiffs' loan to foreclosure counsel to proceed with foreclosure of the property. (Defs.' Statement of Undisputed Fact ¶ 9.) On August 13, 2010, Patrick Taggart, foreclosure counsel for GMAC, forwarded a notice of default to Plaintiffs. (*Id.* ¶ 10.) Thereafter, Plaintiffs did not cure their default, and on August 20, 2010, Taggart forwarded Plaintiffs a notice of foreclosure sale via first class regular and certified mail. (*Id.* ¶ 11.)[3] The notice included a letter from Mr. Taggart informing Plaintiffs that the lender had accelerated the amounts due under the Note and was invoking the power of sale as set forth in the Deed of Trust. (*Id.*)

The notice also provided a copy of the notice of Substitute Trustee's Sale scheduled for September 16, 2010, 12:00 p.m. at the Southwest Corner, Adams Avenue Entrance to the Shelby County Courthouse, Memphis, Tennessee. (*Id.* ¶ 12.) The notice further advised as follows:

---

[3] As previously noted, Plaintiffs dispute that they were actually in default. (Pls.' Resp. to Statement of Fact ¶ 11.)

"Substitute Trustee reserves the right to adjourn the day of the sale to another day, time and place certain without further publication, upon announcement at the time and place for the sale set forth above." (*Id.* ¶ 13.)[4] Notice of the trustee's sale was published in *The Commercial Appeal* on August 23, 2010, August 30, 2010, and September 6, 2010. (*Id.* ¶ 14.)

Prior to the original foreclosure sale set for September 16, 2010, Plaintiffs submitted a loan modification application under the federal HAMP loan modification program. (*Id.* ¶ 15.) Plaintiffs' application was denied in late August 2010, and the foreclosure sale was postponed and rescheduled for September 30, 2010. (*Id.* ¶ 16.) Foreclosure paralegal Carolyn Bernard attended the cry of the original sale date on September 16, 2010, where she announced that the sale was postponed and rescheduled for September 30, 2010, 12:00 p.m. at the same location. (*Id.* ¶ 17.)[5] Plaintiffs then submitted a second HAMP loan modification application prior to the foreclosure sale set for September 30, 2010. (*Id.* ¶ 18.) As a result, the September 30, 2010 foreclosure sale was postponed until November 4, 2010, while Plaintiffs' application was pending. (*Id.* ¶ 19.) At the September 30, 2010 cry, Ms. Bernard again attended and announced that the sale had been postponed and

---

[4] Plaintiffs argue in response to this statement that this reservation of rights only addressed the need for further publication of the rescheduled sale. (Pls.' Resp. to Statement of Fact ¶ 13.) The term did not permit the substitute trustee to forego further written notices to Plaintiffs. (*Id.*) The Court holds that Plaintiffs' arguments concern the proper construction of the Deed of Trust, a question of law for the Court and not an issue of fact. *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 480 (Tenn. 2012). Plaintiffs do not actually dispute that the Deed of Trust contained the language cited by Defendants. Therefore, the Court finds that Defendants' statement about the language from the Deed of Trust is undisputed. The Court fully considers the proper construction and legal effect of the language below.

[5] Plaintiffs respond to Defendants' claim about the sale rescheduled for September 30, 2010, that they are without sufficient information to admit or deny the statements because they were never informed of a postponement of the sale and the rescheduled date. (Pls.' Resp. to Statement of Fact ¶¶ 16, 17, 19–22.) For purposes of summary judgment then, the Court finds that Defendants' statements about the postponements of the sale are undisputed.

rescheduled for November 4, 2010, 12:00 p.m. at the same location.  (*Id.* ¶ 20.)  Plaintiffs' second

loan modification application was subsequently denied.  (*Id.* ¶ 21.)

The foreclosure sale was postponed and rescheduled a final time for December 9, 2010.  (*Id.*)

At the November 4, 2010 cry, Ms. Bernard announced that the sale had been postponed and

rescheduled for December 9, 2010, 12:00 p.m. at the same location.  (*Id.* ¶ 22.)  At the December

9, 2010 sale, the Property was sold to Defendant RFC, as evidenced by the Substitute Trustee's

Deed.  (*Id.* ¶ 23.)  Plaintiffs add that the property was sold to Residential Funding Company, LLC

and that this entity never had an interest in the property.  (Pls.' Resp. to Statement of Fact ¶ 23.)

Plaintiffs have submitted their own statement of undisputed facts in support of their Cross-

Motion for Summary Judgment.  With respect to the notice issue, Plaintiffs state that they decided

to take advantage of the HAMP modification program in 2010 after unsuccessfully attempting to get

GMAC to conduct a proper accounting of the overcharges on Plaintiffs' loan.  (Pls.' Statement of

Undisputed Fact ¶ 1.)  Plaintiffs concluded that the terms of a modified loan would be more

advantageous than a refund of the overcharges.  (*Id.*)  While Plaintiffs' request for modification was

under consideration by GMAC in August 2010, Plaintiffs received notice of the foreclosure sale set

for September 16, 2010. (*Id.*)  Plaintiffs immediately contacted GMAC and received assurances that

the foreclosure was cancelled and not merely postponed.  (*Id.*)  Defendants dispute the admissibility

of Plaintiffs' claims about their contact with GMAC, arguing that Plaintiffs have failed to provide

the particulars of the conversation with GMAC in August 2010.  Defendants argument, however, is

premised on the pleading requirements for claims sounding in fraud set forth in Federal Rule of Civil

Procedure 9(b), and not the burden of proof at summary judgment.  Defendants further argue that

the foreclosure sale complied with the notice requirements of the Deed of Trust and Tennessee's

foreclosure statute. These are questions of law for the Court to decide, and not issues of fact. Therefore, the Court finds that Plaintiff's contentions are undisputed for purposes of summary judgment.

On at least three occasions throughout 2010, Plaintiffs submitted requests for loan modification under HAMP. (Pls.' Statement of Undisputed Fact ¶ 2.) GMAC rejected Plaintiffs' first modification request on the grounds that Plaintiffs' income was too high under the terms of the program. (*Id.*) GMAC rejected Plaintiffs' second modification request because Plaintiffs' income was too low for a modification. (*Id.*) On December 5, 2010, Plaintiffs submitted a third request for modification to GMAC after receiving encouragement from a representative in GMAC's loss mitigation department. (*Id.* ¶ 3.) On December 6, 2010, Plaintiffs contacted GMAC to verify that their request was received, at which time Plaintiffs were informed for the first time that a foreclosure sale was set for December 9, 2010. (*Id.*) Plaintiffs had not received mailed, written notice of the December 9, 2010 foreclosure sale. (*Id.* ¶ 4.) The GMAC representatives with whom Plaintiffs spoke assured Plaintiffs that their loan modification request would be reviewed to see if the foreclosure sale could be cancelled while the request for modification was under consideration. (*Id.*) On December 7, 2010, Plaintiffs again contacted GMAC and received assurances that the foreclosure sale was cancelled and that GMAC would render a decision on their loan modification request within 30 days. (*Id.* ¶ 5.)[6] Plaintiffs believed that because GMAC had cancelled the September 2010 sale

---

[6] Plaintiffs' original Statement of Undisputed Facts were numbered serially but omitted numbers 5 and 6 (D.E. # 61-3). Plaintiffs have submitted a revised brief, which corrected the numbering error (D.E. # 64-1).

as promised, GMAC would likewise cancel the December 2010 as promised.  (*Id.*)[7]

Plaintiffs first learned that the December 9, 2010 foreclosure sale had occurred as planned when Plaintiffs received a letter from the law firm for Defendant Residential Funding Company, LLC, threatening to file a forcible entry and detainer action against Plaintiffs if they did not voluntarily vacate the property.  (*Id.* ¶ 8.)  Plaintiffs were never given notice in writing or otherwise that the September 16, 2010 foreclosure sale date was postponed to September 30, 2010, or that the September 30, 2010 sale was postponed to November 4, 2010, or that the November 4, 2010 sale was postponed to December 9, 2010, until Plaintiffs learned of the December 9 sale on December 6, 2010, and were told the sale was cancelled on December 7, 2010.  (*Id.* ¶ 9.)

In their Motion for Summary Judgment, Defendants argue that they are entitled to judgment as a matter of law on the following claims: fraudulent or wrongful foreclosure (Count I), slander of title (Count II), conversion (Count III), breach of the deed of trust (Count IV), and promissory estoppel (Count V).  Defendants first argue that Plaintiff's fraudulent or wrongful foreclosure, slander of title, and conversion claims are barred by the law of the case doctrine.  In deciding Plaintiffs' motion to amend their pleadings, the Court previously denied Plaintiffs leave to add a claim to quiet title.  The Court held that Plaintiffs had not alleged facts to show that Defendant Residential Funding Company, LLC lacked legal authority to conduct the foreclosure sale. Defendants argue that the same reasoning defeats Plaintiffs' claims for wrongful foreclosure, slander

---

[7] Defendants dispute that the Deed of Trust required written notice of the December 2010 foreclosure sale because Plaintiffs had previously received written notice of the original September 2010 sale date.  (Defs.'s Resp. to Pls's Undisputed Fact ¶ 3.)  According to Defendants, the original sale was adjourned pursuant to announcements made at each of the scheduled sales for Plaintiffs' property.  (*Id.*)  The parties' arguments on the notice issue present questions of law for the Court to decide, and not issues of fact.

of title, and conversion, all based on Plaintiffs' theory that Residential Funding Company, LLC lacked legal authority to conduct the foreclosure sale. As a result, the Court should grant Defendants judgment as a matter of law on each of these claims.

Next, Defendants argue that Plaintiffs cannot prove a breach of the Deed of Trust. The initial notice of the foreclosure sale undisputedly complied with the notice terms of the Deed of Trust and the requirement that written notice be given to Plaintiffs. According to Defendants, the Deed of Trust did not specify any notice requirements for the postponement of the sale. The original notice of the foreclosure sale, which Plaintiffs received, reserved to the substitute trustee "the right to adjourn the day of the sale to another day, time, and place certain without further publication" so long as the rescheduled date was announced at the time and place of the originally noticed sale. Defendants argue then that the oral postponement of the sale at each successive sale date did not breach the terms of the Deed of Trust.

As for Plaintiffs' remaining claim for promissory estoppel, Defendants contend that the claim is barred by the statute of frauds. Plaintiffs allege that GMAC through a representative granted Plaintiffs a forebearance of the foreclosure sale while GMAC considered Plaintiffs' third loan modification request in December 2010. However, Plaintiffs never received the forbearance in writing as required under Tennessee's statute of frauds, Tenn. Code Ann. § 29–2–101(b)(1). Defendants contend that the oral promise to postpone the sale is unenforceable. Defendants argue in the alternative that Plaintiffs have failed to plead any conduct akin to fraud to support their promissory estoppel claim and that Plaintiffs cannot show they reasonably relied on any promise by GMAC to their detriment. The undisputed evidence shows that Plaintiffs were in default, their previous attempts at loan modification were unsuccessful, and Plaintiffs knew about the impending

sale. Plaintiffs have not shown that but for the alleged promise to cancel the sale Plaintiffs could have been the high bidder at the foreclosure sale. Plaintiffs have only suggested in a previous filing with this Court that they could have enjoined the foreclosure sale in Tennessee chancery court. For these reasons, Defendants argue that the Court should grant their Motion for Summary Judgment on all claims.

Plaintiffs have responded in opposition to Defendants' Rule 56 Motion and have filed their own Cross-Motion for Summary Judgment. Plaintiffs begin by answering Defendants' law-of-the-case argument about the claims for wrongful foreclosure, slander to title, and conversion. Plaintiffs note that the Court granted them leave to amend their pleadings to add these claims. As for the claim for breach of the Deed of Trust, Plaintiffs argue that under Tennessee law a trustee must act in strict compliance with the terms of the Deed of Trust. Plaintiffs assert that the trustee may postpone a properly noticed sale only with the consent of all parties. The statute of frauds prevents trustees from relying on an oral announcement at a foreclosure sale to alter the written terms of the Deed of Trust. Plaintiffs also point out that in an earlier submission to the Court, Defendants claimed that they had published notice of the December 9, 2010 sale in the *Commercial Appeal* for three consecutive weeks in November and December 2010. Plaintiffs argue that if Defendants had the right to announce the postponement of the sale orally, then published notice would be unnecessary. Plaintiffs further argue that Defendants should be judicially estopped from taking inconsistent positions in its different filings with the Court. Plaintiffs request then that the Court declare the foreclosure sale void and return the parties to the positions each occupied before the December 2010 sale. For the same reasons, Plaintiffs argue they are entitled to summary judgment on their claims for wrongful foreclosure, slander to title, and conversion. Concerning Plaintiffs' claim for

promissory estoppel, Plaintiffs respond that Defendants do not deny that a GMAC representative gave Plaintiffs assurances that the December 2010 sale would not go forward. The promise did not violate the statute of frauds, according to Plaintiffs, because the representation did not alter the terms of the Deed of Trust. Therefore, Plaintiffs argue that they are entitled to summary judgment on all claims.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide."[9] In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party,[10] and the "judge may not make credibility determinations or weigh the evidence."[11] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[12] It is not sufficient "simply [to] show that there is some metaphysical doubt as to

---

[8] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[11] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[12] *Celotex*, 477 U.S. at 324.

the material facts."[13]  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[14]  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[15]

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[16]  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[17]

## ANALYSIS

### I. Claims against MERS

Defendants argue in their Motion for Summary Judgment that Plaintiffs have not shown how MERS should be liable for wrongful foreclosure, breach of the Deed of Trust, or promissory estoppel.  As such, MERS seeks judgment as a matter of law as to these claims.  Plaintiffs have not responded in their summary judgment briefing to Defendants' argument about MERS's liability to Plaintiffs.  District courts in this Circuit routinely grant summary judgment as to claims a plaintiff

---

[13] *Matsushita*, 475 U.S. at 586.

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[15] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[16] *Anderson*, 477 U.S. at 251–52.

[17] *Celotex*, 477 U.S. at 322.

fails to support or address in a response to a motion for summary judgment.[18]  Therefore, the Court

holds that MERS is entitled to judgment as a matter of law on Plaintiffs' claims against it for

wrongful foreclosure, breach of the Deed of Trust, and promissory estoppel.  Therefore, Defendants'

Motion for Summary Judgment is **GRANTED** as to these claims against MERS.

### III. Breach of the Deed of Trust

As is clear from the parties' summary judgment briefing, the parties hotly dispute whether

Defendants complied with the Deed of Trust and provided Plaintiffs with proper notice of the

foreclosure sale.  Defendants maintain that the Deed of Trust required written notice mailed to

Plaintiffs' address of record for the initial sale.  The trustee reserved the right in the written notice

of sale to adjourn the noticed sale by oral announcement at the date, time, and place of the sale and

to give oral notice that the sale was rescheduled for a later date and time certain.  According to the

proof, the crier followed this procedure at the properly notice sale.  As such, no breach of the Deed

of Trust's notice requirements occurred in this case.  Plaintiffs respond that the Deed of Trust

required written notice of a sale not only for the initial sale date but for any and all rescheduled sale

dates.  Otherwise, the trustee was not permitted to alter the notice term of the Deed of Trust.

Under Tennessee law, a foreclosure sale may be set aside where the trustee fails to comply

---

[18] *Burress v. City of Franklin, Tenn.*, 809 F. Supp. 2d 795, 809 (M.D. Tenn. 2011); *Anglers of the Au Sable v. U.S. Forest Serv.*, 565 F. Supp. 2d 812, 839 (E.D. Mich. 2008)*; Dage v. Time Warner Cable*, 395 F. Supp. 2d 668, 679 (S.D. Ohio 2005); *Kattar v. Three Rivers Area Hosp. Auth.*, 52 F. Supp. 2d 789, 798 n.7 (W.D. Mich. 1999).  *See also Clark v. City of Dublin,* No. 05-3186, 2006 WL 1133577, at *3 (6th Cir. Apr. 27, 2006) (where the appellant did not properly respond to the arguments asserted against his ADEA and ADA claims by the appellees in their motion for summary judgment, the appellant had abandoned his ADEA and ADA claims); *Conner v. Hardee's Food Sys.,* No. 01-5679, 2003 WL 932432, at *4 (6th Cir. Mar. 6, 2003) (finding that "[b]ecause Plaintiffs failed to brief the issue before the district court . . . Plaintiffs abandoned their . . . claim."); *Hazelwood v. Tenn. Dept. of Safety*, No. 3:05-cv-356, 2008 WL 3200720, at *8 (E.D. Tenn. Aug. 5, 2008).

with the notice requirements of the deed of trust.[19]  The Tennessee Supreme Court long ago held that

> When, by the terms of the deed, the trustee is required before making sale to give notice to the bargainor of the time and place of sale, the giving of such notice is in the nature of a condition precedent, and, if not complied with, the sale is unauthorized and void and will communicate no title to the purchaser. And if the requirement be that personal notice shall be given, the trustee cannot substitute notice by advertisement in a newspaper, or at some public place or places, because not within the scope of his authority and also because such a departure on the part of the trustee might be made to defeat the very object of the requirement by enabling him to sell the property without the knowledge of the party making the deed.[20]

Where "the terms are sufficiently clear and originate in the deed of trust, the law demands strict compliance for the conveyance to be valid."[21]

The issue presented is whether the substitute trustee complied with the terms of the Deed of Trust when the trustee adjourned the sale by oral announcement at the time and place given in the original notice, and then adjourned the sale two more times thereafter.  Section 22 of the Deed of Trust provides as follows:

> If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by Applicable law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in Section 15.  Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and under the terms designated in the notice of sale.[22]

Section 15 of the Deed of Trust required that all notices under the Deed of Trust be given in writing

---

[19] *Federal Nat. Mortg. Ass'n v. Robilio*, W2007-01758-COA-R3-CV, 2008 WL 2502114, at *7 (Tenn. Ct. App. June 24, 2008) (citation omitted).

[20] *Henderson v. Galloway,* 27 Tenn. 692, 695–96 (Tenn. 1848).

[21] *Robilio*, 2008 WL 2502114, at *7 (citing *Progressive Bldg. & Loan Ass'n v. McIntyre,* 89 S.W.2d 336, 336 (Tenn. 1936)).

[22] Deed of Trust, ex. 2 to Denson Decl. (D.E. # 53-2).

and mailed by first class mail to the borrower's address of record. The parties do not dispute that Defendants complied with the Deed of Trust's notice provisions when the law firm representing Residential Funding Company, LLC caused notice of the sale set for September 16, 2010 to be published in the *Commercial Appeal* and mailed a copy of the published notice to Plaintiffs at their address of record. There is no genuine dispute that the substitute trustee then adjourned the properly noticed sale three times on September 16, 2010, September 30, 2010, and November 4, 2010, all by oral announcement at the time and place previously announced for the sale.

The Court holds that Defendants' conduct of the December 2010 foreclosure sale complied with the notice provisions of the Deed of Trust. The Deed of Trust required that in the event the Lender invoked the power of sale, the trustee should give "notice of sale" by public advertisement and mail a copy of the notice of sale to Plaintiffs at their address of record. There appears to be no dispute that the substitute trustee complied with this requirement. The record shows that the sale noticed for September 16, 2010, was postponed, though Plaintiffs claim that GMAC told them the sale would be cancelled outright, not merely postponed. The Deed of Trust did not contain any specific terms about the procedures for adjourning or postponing the foreclosure sale as noticed. Some states have statutory requirements for giving notice of the postponement of a non-judicial foreclosure sale. For example, pursuant to Michigan Compiled Laws § 600.3220, "an adjournment of one week or less is valid if notice of the adjournment is posted before or at the time of the sale and at the place where the sale is to be made. If the adjournment is for more than one week, however, notice must also be published in the newspaper in which the original notice was published."[23] Other

---

[23] *Bramlage v. Wells Fargo Home Mortg., Inc.*, 144 F. App'x 489, 491 (6th Cir. 2005) (construing Mich. Comp. Laws § 600.3220).

states have adopted common law standards for giving notice of the postponement of the sale. Under North Carolina law, for instance, "in the absence of some statutory or contract provision to the contrary, a notice of postponement, made in good faith, and reasonably calculated to give proper publicity of the time and place, has been deemed sufficient."[24] Tennessee, whose substantive law governs the dispute in this case, has adopted no such statutory or common law requirements for noticing an adjournment or postponement, despite the fact that "[o]ral postponement of foreclosure sales is a fairly common practice in Tennessee."[25]

In the case at bar, the Court need not look beyond the Deed of Trust or the notice itself to decide whether the substitute trustee gave proper notice of the adjournments of the sale. The Deed of Trust provided that the substitute trustee was to sell the property at public auction "at the time and

---

[24] *Ferebee v. Sawyer*, 83 S.E. 17, 18 (N.C. 1914); *see also Craig v. Buckley*, 21 P.2d 430, 431 (Calif. 1933) ("[The trustee] may from time to time postpone such sale by such advertisement as it may deem reasonable, or without further advertisement by proclamation made to the persons assembled at the time and place previously appointed and advertised for such sale."); 55 Am. Jur. 2d *Mortgages* § 507 (2d ed.) ("While the question must depend on the particular case, it seems that unless a statute or some stipulation of the contract provides otherwise, a reasonable notice of the postponement may suffice without the necessity of giving an entirely new notice. Any notice of postponement made in good faith and reasonably calculated to give proper publicity of the time and place is generally deemed sufficient.").

[25] *In re Reels*, No. 03-17134, 2007 WL 1138436, at *2 (Bankr. E.D. Tenn. Apr. 13, 2007). Other Tennessee cases could be construed to endorse simple oral announcement of a postponement or adjournment of a properly noticed foreclosure sale. *New S. Fed. Sav. Bank v. Pugh*, E200902150COAR3CV, 2010 WL 4865606, at *7 (Tenn. Ct. App. Nov. 29, 2010) (affirming the lower court's holding that "a foreclosure sale properly advertised according to the terms of the foreclosure statutes may be postponed without readvertisement in accordance with the precise terms of the statute"); *Conway v. E. Sav. Bank, FSB*, W2005-02919-COA-R3CV, 2006 WL 3613605, at *6 (Tenn. Ct. App. Dec. 11, 2006) (affirming the lower court's "holding that the Bank's failure to re-advertise three times, twenty days prior to the rescheduled foreclosure date does not render the sale irregular or unfair, and it does not warrant setting aside the foreclosure sale"). However, the Court finds that these cases are not directly on point because they only specifically addressed whether oral notice complied with Tennessee's statutory notice requirements, and not the requirements under a deed of trust.

*under the terms designated* in the notice of sale." As such, the parties agreed in the Deed of Trust

that the notice of sale would state the time for the sale and set forth additional terms governing the

sale of the property. The notice, which Plaintiffs received by letter dated August 20, 2010, stated

that the foreclosure sale would occur September 16, 2010, but also reserved for the substitute trustee

"the right to adjourn the day of the sale to another day, time and place certain without further

publication, upon announcement at the time and place for the sale set forth" in the notice.[26] In other

words, the Deed of Trust provided that the sale would take place in accordance with the terms of the

notice itself, and the notice in turn granted the substitute trustee the right to adjourn the noticed sale

by oral announcement and without additional publication or formal notice to Plaintiffs.

Construing the Deed of the Trust together with the written notice of sale, the Court holds that

Defendants were not required to provide a separate written notice of sale each time the sale was

adjourned or postponed. Importantly, there was but one noticed sale in this case and several

adjournments of that sale. "A sale regularly adjourned, so as to give notice to all persons present of

the time and place to which it is adjourned, is, when made, in effect the sale of which previous public

notice was given."[27] Defendants have adduced evidence that the substitute trustee convened the

September 16, 2010 sale only to adjourn it to September 30, 2010. Plaintiffs admit they have no

proof to dispute this evidence or show that the sale was not adjourned pursuant to the trustee's oral

announcement of the rescheduled date and time for the sale. Therefore, the Court concludes that no

breach of the Deed of Trust occurred in this case, and Defendants are entitled to judgment as a matter

of law on Plaintiffs' claim for breach of the Deed of Trust.

---

[26] Notice, ex. 2 to Taggart Decl. (D.E. # 54-2).

[27] *Richards v. Holmes*, 59 U.S. 143, 147 (1855).

16

Plaintiffs have shown GMAC made oral representations to them prior to the sale that the sale would be cancelled and not postponed. According to Plaintiff Ralph Gibson's declaration, a GMAC representative assured him that the September 16, 2010 sale was cancelled, and not simply postponed.[28] Accepting for purposes of summary judgment that GMAC told Mr. Gibson the sale was cancelled, however, Plaintiffs have not shown how GMAC's oral representations amounted to a breach of the Deed of Trust. Moreover, while Plaintiffs have alleged a claim for promissory estoppel based on GMAC's December 2010 representations about the foreclosure sale set for that month, Plaintiffs have not alleged any promissory claims related to the September 2010 representations. The Court holds then that GMAC's promise that the September 2010 would be cancelled was not a breach of the notice provisions of the Deed of Trust.

Plaintiffs further argue that the oral announcements adjourning the foreclosure sale are subject to Tennessee's statute of frauds. Tennessee's statute of frauds requires that any contract for the sale of land be in writing and signed by the party against whom enforcement is sought.[29] The Tennessee Supreme Court long ago held that the statute of frauds applies to the sale of property under the terms of a deed of trust at nonjudicial foreclosure sales.[30] Plaintiffs assert that "oral announcements made by a trustee at a foreclosure sale . . . are also subject to the Statute of Frauds."[31]

---

[28] R. Gibson Decl. ¶ 3 (D.E. # 61-2).

[29] Tenn. Code Ann. § 29–2–101(a)(4); *Waddle v. Elrod*, 367 S.W.3d 217, 222 (Tenn. 2012) ("The Statute of Frauds precludes actions to enforce certain types of parol contracts unless the action is supported by written evidence of the parties' agreement.").

[30] *Adams v. Scales*, 67 Tenn. 337, 340–41 (1872).

[31] Pl.'s Resp. in Opp'n and Cross-Mot. for Summ. J. 5 (citing John A. Walker, Jr., *Simple Real Estate Foreclosures Made Complex: The Byzantine Tennessee Process*, 62 Tenn. L. Rev. 231, 258 (1995)).

Plaintiffs cite for support an unreported decision of the Tennessee Court of Appeals, in which the court held that a substitute trustee's oral representations at a foreclosure sale about the former owner's right of redemption were unenforceable under the statute of frauds.[32] The Court finds that Plaintiffs' reliance on this case is misplaced. *Jackson* never considered the issue presented here, whether the statute of frauds applied to a trustee's oral announcement of the adjournment of a sale. Moreover, the Court finds no statute of frauds problem with the oral announcement of the adjournment of the sale. The parties had agreed in the Deed of Trust that the notice of sale would designate the terms of the sale and among the terms designated in the notice was the trustee's reserved right "to adjourn the day of the sale to another day, time and place certain without further publication." Therefore, the Court is not persuaded that an oral announcement at a properly noticed nonjudicial foreclosure sale runs afoul of the Statute of Frauds.

Plaintiffs further argue that Defendants should be estopped from advancing inconsistent positions in this case under the doctrine of judicial estoppel. In briefing their motion for judgment on the pleadings, Defendants argued that they satisfied the notice requirements of the Deed of Trust by publishing notice of the December 2010 foreclosure sale on three consecutive weeks in the *Commercial Appeal*. Now at summary judgment, Defendants claim that no further notice of the December 2010 sale was even required. "The doctrine of judicial estoppel seeks to preserve the integrity of the courts by generally preventing a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."[33] Judicial

---

[32] *Jackson v. Broussard*, 1991 WL 136234 (Tenn. Ct. App. July 26, 1991).

[33] *Javery v. Lucent Techs., Inc. Long Term Disability Plan for Mgmt. or LBA Emps.*, 741 F.3d 686, 697 (6th Cir. 2014) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)) (other citations and internal punctuation omitted).

18

estoppel prevents a party from taking a position that is contrary to one that the party asserted under oath in a prior proceeding, where the prior court adopted the contrary position either as a preliminary matter or as part of a final judgment.[34] The Court should apply the doctrine of judicial estoppel "with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement."[35] The Sixth Circuit has adopted the following factors to "guide the application of judicial estoppel": (1) whether the party's present position is "clearly inconsistent" with the position it took previously; (2) whether the earlier court actually accepted the party's position; and (3) whether the party against whom judicial estoppel is invoked would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."[36]

Applying these principles in this case, the Court holds that the doctrine of judicial estoppel does not operate to estop Defendants from arguing that no further notice of the December foreclosure sale was required under the Deed of Trust. Assuming without deciding that the two positions are "clearly inconsistent," the Court finds that Defendants' earlier position was never accepted and therefore no unfair advantage would accrue to Defendants. Defendants' argument about the published notice of the December 2010 sale was made at the pleadings stage in support of a Rule 12(c) motion. Defendants specifically asserted that the Court could take judicial notice of the fact that notice of the December 2010 foreclosure sale was published for three consecutive weeks in the

---

[34] *Bonkowski v. Allstate Ins. Co.*, 544 F. App'x 597, 602 (6th Cir. 2013) (citation omitted).

[35] *Id.*

[36] *Watkins v. Bailey*, 484 F. App'x 18, 25 (6th Cir. 2012) (citing *New Hampshire,* 532 U.S. at 750–51)).

*Commercial Appeal.*[37] The Court finds that Defendants did not rely in any way on the published notice to support their Rule 12(c) motion. More importantly, the Court denied Defendants' Rule12(c) motion when the Court granted Plaintiffs leave to amend their pleadings on May 7, 2012. The Court never adopted Defendants' position about the published notice of the December 2010 sale and actually denied Defendants any relief in connection with the motion for judgment on the pleadings. Therefore, the Court concludes that Defendants are not judicially estopped from arguing that Plaintiffs had proper notice of the December 2010 sale under the terms of the Deed of Trust.

Having consider the parties' briefing of the notice issue and Plaintiffs' claim for breach of the Deed of Trust, the Court concludes that no genuine issues of material fact remain. Therefore, Defendants' Motion for Summary Judgment is **GRANTED** on this claim, and Plaintiffs' Cross-Motion for Summary Judgment must be **DENIED**.

## II. Fraudulent or Wrongful Foreclosure

Defendants next seek summary judgment on Plaintiffs' claim for fraudulent or wrongful foreclosure. According to Defendants, Plaintiffs base their claim on the theory that none of the Defendants possessed legal authority to foreclose on the property. Defendants argue, however, that Plaintiffs' claim is barred under the law-of-the-case doctrine because the Court held at the pleadings stage that Defendant Residential Funding Corporation was the holder of the note for purposes of the UCC and therefore entitled to foreclose. Plaintiffs respond that the Court specifically granted them leave to include their claim for wrongful foreclosure in their amended pleadings. Additionally, Plaintiffs state that they are entitled to judgment as a matter of law on the wrongful foreclosure claim

---

[37] Defs.' Mem. in Support for Mot. J. on the Pleadings 3–4 (D.E. # 13-1). A copy of the notice was attached to Defendant MCC TN, LLC's Verified Answer.

should the Court also grant Plaintiffs summary judgment on their claim for breach of the Deed of Trust. "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case."[38] The law of the case doctrine is "not an inexorable command," and courts must use "common sense" in applying it.[39] Accordingly, the law of the case doctrine is discretionary "when applied to a coordinate court or the same court's own decisions."[40] "[A] court's power to reach a result inconsistent with a prior decision reached in the same case is to be exercised very sparingly, and only under extraordinary conditions."[41]

The issue presented is whether the law-of-the-case doctrine requires the dismissal of Plaintiffs' claim for wrongful foreclosure. Defendants argue that the Court's rulings at the pleadings stage, and specifically in denying Plaintiffs leave to add a claim to quiet title in an amended pleading, constitutes the law of the case and require the dismissal of the wrongful foreclosure claim.[42] On March 16, 2012, Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of

---

[38] *Static Control Components, Inc. v. Lexmark Int'l, Inc.,* 697 F.3d 387, 400 (6th Cir. 2012) (quoting *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir. 1997)).

[39] *Bench Billboard Co. v. City of Covington, Ky.*, 547 F. App'x 695, 703–704 (6th Cir. 2013).

[40] *Bowles v. Russell,* 432 F.3d 668, 677 (6th Cir. 2005) (internal punctuation and citation omitted).

[41] *In re Kenneth Allen Knight Tr.,* 303 F.3d 671, 677 (6th Cir. 2002) (citation and internal quotation marks omitted).

[42] In point of fact, Defendants' contention about the Court's holding that "Residential Funding Corporation was the holder of the note for purposes of the UCC and therefore entitled to foreclose" is without merit. The Court never made such a holding. In its order granting in part and denying in part Plaintiffs' motion to amend, the Court stated that "Plaintiffs have cited no legal authority to show that a party must be a holder in due course in order to enforce a negotiable instrument." The Court did not, and likely could not, conclude as a matter of law that based on the pleadings alone, Residential Funding Corporation was the holder of the note under Tennessee's UCC.

the Federal Rules of Civil Procedure. In response to Defendants' Rule 12(c) motion, Plaintiffs sought leave to amend their complaint, dropping some of their original claims and adding new claims including a claim to quiet title. In support of the quiet title claim, the proposed amended complaint alleged that Residential Funding Company, LLC lacked legal authority to foreclose on Plaintiffs' property. According to the proposed amended pleadings, Defendant was not the owner or holder in due course of the note and was never assigned a beneficial interest in the Deed of Trust. Plaintiffs also alleged that the Deed of Trust became a nullity when it was not assigned to the purchaser of Plaintiffs' note. The Court held that a quiet title claim based on these factual predicates would not withstand a motion to dismiss. Plaintiffs had failed to allege facts showing why Defendants lacked authority to conduct the foreclosure. Therefore, the Court denied Plaintiffs leave to amend the pleadings to assert the quiet title claim.

Plaintiffs alleged a substantially identical set of facts to support their wrongful foreclosure claim, that is, that no Defendant had any legally enforceable right to conduct the foreclosure. The wrongful foreclosure claim was actually raised in Plaintiffs' initial pleadings and was retained in the proposed amended complaint. Importantly, the Court never assessed the sufficiency of Plaintiffs' wrongful foreclosure pleadings in deciding Plaintiffs' motion for leave to amend. In granting in part and denying in part Plaintiffs' motion to amend, the Court granted Plaintiffs leave to file an amended complaint retaining the wrongful foreclosure claim, even though the claim was premised on the same theory that Defendants had no legally enforceable right to foreclosure. The Court found that Defendants had not directly opposed Plaintiffs' motion to amend their pleadings and retain the claim for wrongful foreclosure. The Court stated in its order that "Defendants have not argued the futility of the other claims asserted in the proposed amended complaint, including the claim for wrongful

foreclosure in Count II, the claim for slander to title in Count IV, and the conversion claim in Count V." As such, the Court declined to consider whether those claims could survive a motion to dismiss and granted Plaintiffs leave to make those claims in their amended pleadings.

Even though Defendants had not argued the futility of the wrongful foreclosure claim in their opposition to Plaintiffs' motion to amend, Defendants had sought judgment as a matter of law on the wrongful foreclosure claim as part of their Rule 12(c) motion. Defendants' motion for judgment on the pleadings argued that Plaintiffs' initial complaint failed to state a claim for wrongful foreclosure based on the theory that Defendants lacked any right to foreclose on Plaintiffs' property. The Court denied Defendants' motion for judgment on the pleadings at the same time that it allowed Plaintiffs to amend their complaint. The Court found Defendants' motion to be moot in light of Plaintiffs' filing an amended pleading and stated that Defendants' Rule 12(c) motion was denied without prejudice "to present any and all issues raised in their Motion in a subsequent dispositive motion." It is clear then that the Court has never reached the sufficiency of the pleadings on the wrongful foreclosure claim.[43]

Defendants did not immediately re-file their Rule 12(c) motion but now seek judgment as a matter of law on the claim under Rule 56. Defendants's Motion for Summary Judgment on the wrongful foreclosure claim is in its essence a renewed motion for judgment on the pleadings under Rule 12(c). Defendants' Motion seeks judgment on the facts alleged in the Amended Complaint and not the evidentiary record (or lack thereof) related to Plaintiffs' claim for wrongful foreclosure.

---

[43] Plaintiffs' argument in opposition to summary judgment that the Court "specifically granted Plaintiffs the right to include" the wrongful foreclosure claim in its amended pleadings is true as far as it goes. The Court did grant Plaintiffs leave to file an amended complaint alleging the wrongful foreclosure claim. However, the issue of whether the pleadings stated a plausible claim for relief was never considered.

Defendants cite no evidence, affidavits, depositions, or other discovery materials to show that no genuine factual dispute exists as to Plaintiffs' wrongful foreclosure theory. Rather Defendants contend that even accepting as true the factual averments of the pleadings, Defendants are entitled to judgment as a matter of law.[44]

Whether the Court analyzes Defendants' request under Rule 12(c) or Rule 56, the Court holds that Defendants are entitled to judgment as a matter of law on Plaintiffs' wrongful foreclosure claim.[45] In this case the Court has already held that Plaintiffs' theory about Defendants' lack of legal authority to foreclose on Plaintiffs' property fails as a matter of law. In denying Plaintiffs leave to add the quiet title claim, the Court necessarily decided at the pleadings stage that Plaintiffs' theory about Defendants' lack of legal authority to foreclosure failed as a matter of law. The Court's holding, whether applied to a claim to quiet title or the claim for wrongful foreclosure, is now the law of the case.

Plaintiffs have made largely the same allegations in support of their claim for wrongful foreclosure, namely, that no Defendant was lawfully appointed as trustee or had the original note assigned to it and that no Defendant was the note holder, owner, or beneficiary of the note. The Court has already considered and rejected these allegations as a matter of law. Under Tennessee law, a special assignment of the Deed of Trust is not required and the validity of the Deed of Trust is not

---

[44] In considering a Rule 12(c) motion, the Court must accept all well-pleaded material allegations of the opposing party as true, and the motion may be granted only if "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014).

[45] The Sixth Circuit has held that a party may seek judgment on the pleadings under Rule 12(c) at any time after the pleadings are closed and that the "untimeliness of the motion is no bar to the dismissal of [a] suit." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1131 (6th Cir. 1990).

affected simply because "the lien of a mortgage or trust deed passes, without a special assignment thereof, to the endorsee of a note or transferee of the debt secured by the instrument."[46]  And as the Court explained in its previous order on the pleadings, Defendants need not be the owners or holders in due course of Plaintiffs' note in order to enforce it.  Plaintiffs have not shown why the Court should reconsider these holdings or how their wrongful foreclosure claim otherwise survives.  The Court holds then that the wrongful foreclosure claim is now barred under the law-of-the-case doctrine and that Defendants are entitled to judgment as a matter of law on Plaintiff's claim about Defendants' lack of legal authority to foreclose.  Therefore, Defendants' Motion is **GRANTED** as to Plaintiffs' wrongful foreclosure claim.

## III. Promissory Estoppel

Finally, Defendants seek summary judgment on Plaintiffs' claim for promissory estoppel based on GMAC's alleged promise to cancel the December 2010 foreclosure sale.  Defendants argue that the Tennessee statute of frauds bars the claim.  In the alternative, Defendants argue that Plaintiffs have failed to plead that any Defendant engaged in fraudulent conduct and that Plaintiffs have no evidence they reasonably relied on the oral promise to cancel the foreclosure sale.  Plaintiffs respond that the statute of frauds does not apply to the oral promise to cancel the sale because GMAC's representation did not modify the terms of the Deed of Trust.  According to Plaintiffs, a lender has the right, and even a duty under HAMP, to cancel a foreclosure sale while a homeowner attempts to modify a loan.[47]

---

[46] Order Granting in Part, Denying in Part Mot. to Amend 8 (quoting *W.C. Early Co. v. Williams*, 186 S.W. 102, 103–104 (Tenn. 1916)).

[47] In their reply brief, Plaintiffs state that "the sale date as required under HAMP modification regulations was required to be cancelled while a loan modification was pending."  Pls.'

The Tennessee Supreme Court has defined promissory estoppel as "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance."[48] The court has added that the promise "is binding if injustice can be avoided only by enforcement of the promise."[49] The court in *Alden* defined the following limits of the theory: "(1) the detriment suffered in reliance must be substantial in an economic sense; (2) the substantial loss to the promisee in acting in reliance must have been foreseeable by the promisor; (3) the promisee must have acted reasonably in justifiable reliance on the promise as made."[50] The doctrine of promissory estoppel is also known as "detrimental reliance" because the plaintiff must show that a promise was made and that the plaintiff reasonably relied on the promise to his detriment.[51] Tennessee does not liberally apply the doctrine of promissory estoppel. Rather, the doctrine is available only in exceptional cases where the circumstances border on actual fraud.[52]

The Tennessee statute of frauds prohibits actions against a lender or creditor for the enforcement of oral promises to "lend money or to extend credit, or upon any promise or

---

Reply 4–5.

[48] *Alden v. Presley*, 637 S.W.2d 862, 864 (Tenn. 1982) (quoting Restatement of Contracts § 90).

[49] *Id.*

[50] *Id.* (quoting Simpson, *Law of Contracts* § 61 (2d ed. 1965)).

[51] *Engenius Entm't, Inc. v. Herenton,* 971 S.W.2d 12, 19–20 (Tenn. Ct. App. 1997)

[52] *Baliles v. Cities Serv.*, 578 S.W.2d 621 (Tenn. 1979); *Shedd v. Gaylord Entm't Co.*, 118 S.W.3d 695, 700 (Tenn. Ct. App. 2003) (limiting the application to "exceptional cases where to enforce the statute of frauds would make it an instrument of hardship and oppression, verging on actual fraud").

commitment to alter, amend, renew, extend or otherwise modify or supplement any written promise, agreement or commitment to lend money or extend credit."[53] Here Plaintiffs' claim for promissory estoppel derives from GMAC's oral promise to cancel the foreclosure sale while Plaintiffs' request for a loan modification was pending. Courts construing the statute of frauds adopted in other states have held that oral promises to delay a foreclosure sale are subject to the statute of frauds.[54] For purposes of Tennessee's statute of frauds, GMAC's oral promise to cancel the sale was arguably a promise "to alter, amend, renew, extend or otherwise modify or supplement" the terms of the agreement between Plaintiffs and Defendant GMAC because the promise concerned Plaintiffs' request to modify their loan.[55] However, this Court has previously highlighted some uncertainty over the doctrine of promissory estoppel and the statute of frauds.[56]

The Court need not resolve the statute of frauds issue here because the Court holds that

---

[53] Tenn. Code Ann. § 29–2–101(b)(1).

[54] *E.g. Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012) (holding that an oral promise to delay a foreclosure sale was "a financial accommodation" and unenforceable under the Michigan statute of frauds); *see also Bracewell v. U.S. Bank Nat. Ass'n*, No. 13-1164, 2014 WL 1356850, at *2–3 (8th Cir. Apr. 4, 2014) (holding that claim for promissory estoppel based on oral promise to postpone foreclosure sale was unenforceable under the Minnesota Credit Agreement Statute); *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 328-29 (5th Cir. 2013) ("An agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable."); *McFadden v. Fed. Nat. Mortgage Ass'n*, 525 F. App'x 223, 231 (4th Cir. 2013) (holding that an oral promise to delay a foreclosure sale was unenforceable under Virginia's statute of frauds).

[55] *Launius v. Wells Fargo Bank, N.A.*, 3:09-CV-501, 2010 WL 3429666 (E.D. Tenn. Aug. 27, 2010) ("Plaintiff is not seeking to modify the Loan agreement. The Statute of Frauds only bars claims that attempt to modify a written agreement through oral statements.").

[56] *Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co.*, 823 F. Supp. 2d 786, 823 (W.D. Tenn. 2011) ("Based on the number of unresolved issues concerning promissory estoppel under Tennessee law, the Court finds that the appropriate course is to certify questions to the Tennessee Supreme Court.").

Defendants are entitled to judgment as a matter of law on other grounds.[57]  Defendants have moved

for summary judgment in the alternative because Plaintiffs have no proof they reasonably relied on

the GMAC employee's oral representations about the foreclosure sale.  "Whether a person's reliance

on a representation is reasonable generally is a question of fact requiring the consideration of a

number of factors" such as "the plaintiff's sophistication and expertise in the subject matter of the

representation, the type of relationship—fiduciary or otherwise—between the parties, the availability

of relevant information about the representation, any concealment of the misrepresentation, any

opportunity to discover the misrepresentation, which party initiated the transaction, and the

specificity of the misrepresentation."[58]  In other words, as the parties with the burden of proof on this

claim, Plaintiffs must adduce some evidence of their reasonable reliance on GMAC's promise and

specifically how GMAC's promise to delay the foreclosure induced "substantial change of position

by [Plaintiffs] in reliance on the promise."[59]

The Court holds that based on the record at summary judgment, Plaintiffs have no proof of

reasonable reliance.  In fact, Plaintiffs have not even addressed Defendant's argument on this point

in their briefing.  At summary judgment Plaintiffs rely solely on the declaration of Mr. Gibson, in

which he avers as follows: "[a]s an attorney, I could have taken a number of actions to remedy the

harsh result of the foreclosure sale on December 9, 2010, had I known that it was going forward

---

[57] The Court also declines to reach Defendants' argument that Plaintiffs' Amended Complaint fails to plead promissory estoppel, and specifically Defendants' intent to defraud, with the requisite particularity.  The Court addressed the sufficiency of the pleadings in this regard in deciding Plaintiffs' motion for leave to file an amended complaint.

[58] *Davis v. McGuigan*, 325 S.W.3d 149, 158 (Tenn. 2010).

[59] *Alden*, 637 S.W.2d at 864.

28

despite what the GMAC representative represented to me."[60]  Mr. Gibson's declaration does not establish how GMAC's oral promise to delay the sale induced a "substantial change of position" on Plaintiffs' part.  Construing the evidence in the light most favorable to Plaintiffs, Mr. Gibson appears to say that he could have sought court intervention to enjoin the sale.[61]  However, pursuant to Tenn. Code Ann. § 29–23–201, a Tennessee state court cannot "grant an injunction to stay the sale of real estate conveyed by deed of trust or mortgage, with a power of sale, executed to secure the payment of a loan of money, unless the complainant gives five (5) days' notice to the trustee or mortgagee of the time when, place where, and of the judge or chancellor before whom, the application for injunction is to be made."[62]  What is more, section 29–23–202 requires the party seeking the injunction to "distinctly state how, when, and to whom the debt or any part of the debt secured aforementioned has been paid, or any circumstances of fraud which vitiate the contract."[63]  Mr. Gibson's declaration does not indicate how he could have satisfied these requirements and successfully enjoined the December 2010 sale.  Without more, Plaintiffs have no proof that GMAC's promise to delay the sale induced "substantial change of position by [Plaintiffs] in reliance on the promise."[64]  Therefore, Defendants' Motion for Summary Judgment is **GRANTED** on this claim,

---

[60] Gibson Decl. ¶ 10.

[61] Plaintiffs have also asserted in their reply brief that they could have sought bankruptcy protection "although Plaintiffs would certainly do everything to avoid such action."  Pl.'s Reply 4 (D.E. # 64).  In an earlier brief, Plaintiffs also stated that they "would have sought relief from the Chancery Court."  Pls.' Reply in Support of Mot. for Leave to Amend 11 (D.E. # 26).

[62] Tenn. Code Ann. § 29–23–201

[63] § 29–23–202.

[64] *Alden*, 637 S.W.2d at 864.

29

and Plaintiffs' Cross-Motion for Summary Judgment is **DENIED**.

## IV. Remaining Claims and the Partial Stay

As the parties acknowledge, Plaintiffs' claims for monetary relief as to Defendants GMAC Mortgage, LLC, Residential Funding Corporation and Residential Funding Company, LLC, are currently subject to the automatic stay pursuant to 11 U.S.C. § 362(a). On July 16, 2012, the Court entered an agreed order partially staying the proceedings (D.E. # 33) against these Defendants for monetary relief, including the refund of Plaintiffs' payments to Defendants, compensatory damages, punitive damages, and reasonable attorney's fees, expenses and costs. The agreed order also stayed all proceedings as to Plaintiffs' claims for slander of title (Count II) and conversion (Count III). However, Plaintiffs' claims for injunctive relief, including the setting aside of the foreclosure sale as relief for wrongful foreclosure (Count I), breach of the Deed of Trust (Count IV), and promissory estoppel (Count V) were allowed to proceed.

Based on the operation of the partial stay, the Court concludes that at summary judgment only Plaintiffs' claims for wrongful foreclosure, breach of the Deed of Trust, and promissory estoppel may be addressed. To the extent that both parties seek judgment as a matter of law on Plaintiffs' claims for slander to title or conversion, the Court declines to reach the merits of those claims at this time. The partial stay as to those claims remains in place. A bench trial in this matter was set for June 16, 2014, on Plaintiffs' claims for wrongful foreclosure, breach of the Deed of Trust, and promissory estoppel. In light of the Court's summary judgment rulings, the bench trial is hereby continued.

## <u>CONCLUSION</u>

The Court holds that Defendants are entitled to judgment as a matter of law on Plaintiffs' claims for breach of the Deed of Trust, wrongful foreclosure, and promissory estoppel. The partial stay remains in effect as to Plaintiffs' other claims. Therefore, Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiffs' Cross-Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 19, 2014.